1  Brian H. Song, Esq. #188662
   Briansong@SongLeeLaw.com
2  BHS LAW CORPORATION
   2559 S. Bascom Avenue
3  CAMPBELL, CA 95008
   TEL: (408)628-4257
4  FAX: (408)628-4258

5  Attorney for Plaintiff
6  Bhs Law LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| BHS LAW LLP, a California limited liability partnership, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>AT&T CORP.; AT&T SERVICES, INC.; and DOES 1-50, inclusive,<br><br>　　Defendants | **CASE NO.:** 5:25-cv-10712<br><br>CLASS ACTION COMPLAINT<br><br>**(1)** VIOLATION OF 47 U.S.C. § 201(B)<br>**(2)** BREACH OF CONTRACT<br>**(3)** BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br>**(4)** UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)<br>**(5)** MONEY HAD AND RECEIVED<br>**(6)** UNJUST ENRICHMENT (ALTERNATIVE)<br>**(7)** DECLARATORY AND INJUNCTIVE RELIEF<br><br>**JURY TRIAL DEMANDED** |

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

# I. INTRODUCTION

1. This action arises from Defendants' uniform and systemic practice of billing business customers for telephone services that Defendants had suspended, disconnected, or terminated, and of retaining payments for services Defendants could not and did not provide.

2. Plaintiff BHS Law LLP ("Plaintiff") brings this action on behalf of itself and similarly situated business customers nationwide who were charged monthly service fees during periods of non-service and, in many cases, were induced to pay purported "past-due" balances based on representations that service would be restored—even though restoration was impossible or never occurred.

3. Plaintiff's claims arise in the context of Defendants' wide-location (likely nationwide) retirement of analog copper telephone infrastructure and forced migration of customers to digital or IP-based alternatives, a process initiated and controlled by Defendants. As part of this migration, Defendants created new or modified billing accounts, altered service conditions, and imposed new payment obligations without adequate notice or express, written assent, while continuing to bill customers automatically.

4. In Plaintiff's case, the affected lines were used exclusively for fire-alarm signal transmission and life-safety compliance. Defendants' conduct therefore had foreseeable regulatory and operational consequences, including loss of fire-alarm monitoring, intervention by local fire authorities, and the imposition of emergency compliance measures.

5. Defendants' practices constitute unjust and unreasonable conduct under federal telecommunications law, breaches of contractual and equitable obligations, and unfair and unlawful business practices under California law.

# II. JURISDICTION, VENUE, & DIVISION

6. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. §§ 201(b), 206, and 207.

7. This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

8. Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff is located in Campbell, Santa Clara County, and a substantial portion of the events giving rise to the claims occurred here.

# III. PARTIES

BHS LAW CORPORATION
2559 S. Bascom Ave.
Campbell, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

9. Plaintiff BHS Law LLP is a California limited liability partnership with its principal place of business in Campbell, California.

10. Defendant AT&T Corp. is a telecommunications provider headquartered in Dallas, Texas.

11. Defendant AT&T Services, Inc. is a telecommunications provider headquartered in Dallas, Texas and is responsible for billing, account management, customer communications, and service administration relevant to this action.

12. Defendants DOES 1–50 are entities or individuals whose identities are presently unknown and who participated in, directed, or benefited from the conduct alleged herein.

## IV. FACTUAL ALLEGATIONS

**A. Plaintiff's Fire-Alarm Lines and AT&T's Copper Retirement**

13. Plaintiff maintained AT&T business telephone lines and Internet services, two lines of which are used solely for fire-alarm signal transmission (the "Subject Lines"), connecting Plaintiff's on-site fire-alarm control panel to a third-party monitoring service (Bay Alarm Service).

14. Plaintiff is informed and believes and thereon alleges that the Subject Lines were originally analog copper lines provided by Defendants.

15. Since around 2020 and, in particular, in late 2023, Plaintiff contacted Defendants complaining about the unreliability of the Subject Lines (then copper lines). Plaintiff noticed that the fire alarm panels indicated the Subject Lines were not transmitting signals to Bay Alarm Service. Plaintiff contacted Defendants and relayed the concerns. In late 2023, Defendants contacted regarding Defendants' planned retirement of copper infrastructure and proposed migrating Plaintiff's fire-alarm lines to a digital alternative.

16. Plaintiff informed Defendants that the affected lines were life-safety fire-alarm lines, which are subject to specific and mandatory local regulatory and code-compliance requirements, and therefore required uninterrupted and code-compliant operation.

17. Defendants represented that the migration was necessary and would resolve reliability issues associated with copper service.

**B. Migration, Equipment Installation, and Lack of Assent**

18. In or about November 2023, Defendants installed digital gateway equipment at Plaintiff's

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

premises and transitioned the fire-alarm lines to a digital platform controlled by Defendants.

19. Defendants did not clearly disclose that they had created a new or separate billing account for the migrated fire-alarm lines. This new separate account is identifiable by its last three digits of 576.

20. Defendants did not present Plaintiff with a new written service agreement governing the migrated service, thereby failing to establish mutual assent to new contractual terms, did not require affirmative acceptance of new terms, and did not clearly disclose any arbitration clause or class-action waiver.

21. Plaintiff reasonably understood the migration to be a continuation of existing service and reasonably expected billing to remain consolidated and subject to existing payment arrangements together with Plaintiff's other phone and Internet services.

**C. Suspension or Termination of Service**

22. In or before May 2025, Defendants suspended or terminated the migrated digital fire-alarm lines due to alleged non-payment on the newly created account.

23. Defendants failed to provide clear or timely notice that service to Plaintiff's fire-alarm lines had been suspended or terminated.

24. This failure of communication, directly resulting from Defendants' unilateral service termination, caused Plaintiff's fire-alarm system to cease communicating with the monitoring service, and thereby triggered immediate inspection and intervention by local fire authorities.

**D. Fire Department Inspection and Regulatory Intervention**

25. On or about November 14, 2025, a fire inspector from the City of San Jose conducted an on-site inspection of Plaintiff's property.

26. The inspector advised Plaintiff that the property was not being monitored for fire-alarm activity and required Plaintiff to immediately establish a 24-hour fire watch.

27. The inspector advised Plaintiff that compliance would be re-evaluated within days.

28. Plaintiff incurred operational disruption, compliance obligations, and associated costs as a result of the loss of alarm monitoring caused by Defendants' service suspension.

29. Defendants had a duty to install equipment known to comply with applicable local fire and safety codes; however, during inspection, a local fire official advised Plaintiff that the digital device installed

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

1  by Defendants for fire-alarm signal transmission appears to lack the necessary certification or approval for
2  that purpose under applicable local requirements. The inspected quipped that Defendants had been
3  installing the same noncompliant devices around the city. Defendants failed to disclose this critical lack of
4  certification or compliance limitations.

**E. Billing for Non-Service**

6  30.     Despite having suspended or terminated service, Defendants continued billing Plaintiff
7  monthly for the fire-alarm lines.

8  31.     Defendants issued invoices and assessed charges for months during which no functional
9  service was provided.

10  32.    By November 2025, Defendants claimed Plaintiff owed more than $2,340.56, largely
11  attributable to periods after service suspension or termination.

**F. Payment Indued by Restoration Representations**

13  33.    Facing regulatory pressure to restore alarm connectivity, Plaintiff contacted Defendants
14  repeatedly seeking reconnection. Plaintiff contacted half dozens or a dozen times by calling the same phone
15  number of questions, repeatedly being rerouted and being held, each time the customer reps giving circular
16  answers, etc., without clear answers.

17  34.    Finally, about or on Friday, November 21, 2025, after multiple calls, one lady customer
18  rep whom Plaintiff referred to as "John of Sacramento" advised Plaintiff that payment of the outstanding
19  balance would result in service restoration.

20  35.    Relying on those representations, Plaintiff paid $2,340.56 immediately, while disputing
21  charges incurred during non-service periods.

22  36.    Despite receiving payment, Defendants did not restore service. By Tuesday of the
23  following week, Plaintiff noticed that the Subject Lines were still not restored. After a few more calls to the
24  call center, Plaintiff later learned that the lines had been terminated and the associated numbers released or
25  ported to Verizon, making restoration impossible at the time the misrepresentation was made and payment
26  was received.

27  37.    Defendants refused to refund the unearned charges. On one occasion, Defendant's rep
28  attempted to justify the rationale in a way that did not make sense. Plaintiff also tried to convince the rep

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

but it was to no avail. Plaintiff sensed that the rep was simply reading off a script, simply repeating his arguments while sounding embarrassed and sympathetic to Plaintiff's frustration. This exchange occurred the first time Plaintiff called the general line for questions on Nov. 18, 2025. Thereafter, every rep either cut short the conversation or rerouted the calls, eventually leading to Plaintiff's forced payment as explained above.

38. On or about December 15, 2025, Plaintiff received another bill for the same terminated account, invoicing additional $249.00 due by January 7, 2026. The bill also clearly noted Plaintiff's payment of $2,340.56.

**G. Digital Gateway Device and Disclosure Failures**

39. The digital gateway device installed by Defendants was selected, supplied, and controlled by Defendants.

40. Defendants did not disclose whether the device was certified or approved for use as a fire-alarm communication pathway under applicable codes or standards.

41. During the November 2025 inspection, the fire inspector noted the presence of the device and advised Plaintiff that it was not approved for use in such communications between fire panels to monitoring companies, although no formal citation was issued at that time. He also added that he noticed such installations of unapproved devices by Defendants.

42. After Plaintiff opened a new account and rebooted the device, fire-alarm signals resumed and the monitoring service could receive communications through the device. This rebooting meant getting two additional phone numbers, using the existing gateway. Defendants' technician accomplished the work. This occurred on or about December 14, 2025.

43. Neither the monitoring company nor the fire inspector is presently escalating enforcement, but Defendants have never represented that the device is certified or compliant for life-safety signaling.

44. Plaintiff has no ability to independently certify, substitute, or approve the device and relied on Defendants' selection and installation.

**H. Systematic Nature of the Conduct**

45. Defendants' conduct reflects standardized, centrally controlled practices implemented nationwide in connection with copper-line retirement, account creation, billing, suspension, and collection.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

46. Defendants routinely bill business customers after service suspension or termination, accept payments under the pretense of restoration, and retain those payments even when restoration does not occur.

## V. CLASS ACTION ALLEGATIONS (Fed. R. Civ. P. 23)

### A. Class Definition

**Nationwide Billing-for-Nonservice Class**

47. All (business) customers in the United States who, during the applicable limitations period:
   a. maintained one or more AT&T (business) telephone lines;
   b. whose service on at least one such line was suspended, disconnected, or terminated by Defendants; and
   c. were billed by Defendants for such line during one or more billing cycles in which Defendants did not provide functional service on that line.

Excluded from the Class are Defendants, their affiliates, officers, directors, employees, and the presiding judge and immediate family members.

### B. Subclasses

#### 1. Reinstatement Payment Subclass

48. All members of the Nation Billing-for-Nonservice Class who:
   a. were informed by Defendants, orally or in writing, that payment of an outstanding balance was required to restore suspended, disconnected, or terminated service;
   b. made one or more payments in response to such representations; and
   c. did not receive restoration of functional service on the affected line(s) following payment.

#### 2. Copper-Migration Account Subclass

49. All members of the Nationwide Billing-for-Nonservice Class who:
   a. had one or more telephone lines migrated from analog copper service to digital, IP-based, or wireless service as part of Defendants' copper-retirement, network-transition, or modernization programs; and

BHS LAW CORPORATION
2559 S. Bascom Ave.
Campbell, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

      b. were billed for the migrated service under a newly created or materially modified account number, billing structure, or service identifier

**3. Life-Safety Line Subclass**

50. All members of the Nationwide Billing-for-Nonservice Class whose affected line(s):

      a. were designated, known to Defendants, or reasonably identifiable as being used for fire-alarm monitoring, elevator emergency phones, security alarms, or other life-safety or regulatory compliance functions.

**C. Ascertainability**

51. Membership in the Class and Subclasses can be determined through Defendants' own records, including service-status logs, billing records, invoices, payment histories, account-creation and migration records, copper-retirement program data, and customer-service records.

**D. Rule 23(a)**

52. Numerosity, commonality, typicality, and adequacy are satisfied because Defendants' practices were standardized, centrally administered, and affected thousands of business customers nationwide.

**E. Rule 23(b)(3)**

53. Common questions of law and fact predominate, and a class action is superior to individual actions.

## VI. CAUSES OF ACTION

**1ST COA**

**FIRST CAUSE OF ACTION**

<u>Violation of 47 U.S.C. § 201(b)</u>

(Against All Defendants)

54. Defendants' billing and retention of payments for suspended or terminated service constitutes an unjust and unreasonable practice in connection with or incident to the furnishing of a communication service, in violation of 47 U.S.C. § 201(b).

55. Plaintiff and the Class are entitled to damages under 47 U.S.C. §§ 206 and 207.

**2ND COA**

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

## SECOND CAUSE OF ACTION

### Breach of Contract

(Against All Defendants)

56. Defendants charged Plaintiff and the Class for services not provided.

57. Defendants breached their contractual obligations by billing during non-service periods and refusing refunds.

### 3ND COA

## THIRD CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing

(Against All Defendants)

58. Defendants deprived Plaintiff and the Class of the benefits of their agreements through unfair billing and collection practices.

### 4TH COA

## FOURTH CAUSE OF ACTION

### Unfair Competition (Cal. Bus. & Prof. Code § 17200)

(Against All Defendants)

59. Defendants engaged in: (1) Unlawful practices, including violating 47 U.S.C. § 201(b); (2) Unfair practices, including billing for non-service and installing potentially non-compliant equipment without disclosure; and (3) Fraudulent practices, including making misrepresentations that induced payments for service restoration that was impossible.

### 5TH COA

## FIFTH CAUSE OF ACTION

### Money Had and Received

(Against All Defendants)

60. Defendants received money belonging to Plaintiff and the Class that equity and good conscience require be returned.

### 6TH COA

## SIXTH CAUSE OF ACTION

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

<u>Unjust Enrichment (Alternative)</u>

(Against All Defendants)

61. Defendants were unjustly enriched by retaining payments for services not provided.

**7TH COA**

**SEVENTH CAUSE OF ACTION**

<u>Declaratory and Injunctive Relief</u>

(Against All Defendants)

62. Plaintiff seeks declarations that Defendants may not bill for services they suspend or terminate, may not retain payments induced by representations of restoration when restoration does not occur, and must disclose material limitations or compliance status of equipment they mandate for life-safety services.

63. Plaintiff seeks injunctive relief requiring Defendants to cease billing for non-service and to implement corrective billing and disclosure practices.

**VII. PRAYER FOR RELIEF**

Plaintiff, individually and on behalf of the Class and Subclass, respectfully requests:

a. Restitution and disgorgement, including return of all payments made for non-service;

b. Actual damages;

c. Declaratory and injunctive relief;

d. Attorneys' fees and costs;

e. Pre- and post-judgment interest; and

f. Such other relief as the Court deems just and proper.

**VIII. DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

//

//

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

1  Dated: December 16, 2025

2                                           RESPECTFULLY SUBMITTED

3                                           BHS LAW CORPORATION

4                                           /s/ Brian H. Song

5                                           _____
                                            Brian H. Song, Esq. (SBN 188662)
6                                           Attorney for Plaintiff BHS LAW LLP

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258